```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

KENNETH SMITH                                        CIVIL ACTION

VERSUS                                               NO. 12-2753

NATE CAIN, WARDEN                                    SECTION "A"(5)
```

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. §2254(e)(2). Accordingly, it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

## I.   PROCEDURAL HISTORY

Petitioner, Kenneth Smith, is a state prisoner currently incarcerated in the Avoyelles Correctional Center, Cottonport, Louisiana. On July 14, 2005, a Jefferson Parish Grand Jury issued an indictment charging Smith with aggravated rape in violation of LSA-R.S. 14:42.[1] On May 24, 2006, Smith withdrew his plea of not guilty and entered a plea of guilty to an amended charge of

---

[1] St. Rec. Vol. 4 of 7, p. 9.

forcible rape in violation of LSA-R.S. 14:42.1.[2]  On that same date, the state district court sentenced Smith to 25 years imprisonment at hard labor with credit for time served and with the first two years to be served without benefit of parole, probation or suspension of sentence.[3]

In May, 2007, Smith filed an application for post-conviction relief claiming that his plea was involuntary and his counsel was ineffective.[4]  On May 25, 2007, the state district court denied relief.[5]  On June 14, 2007, Smith filed a writ application with the Louisiana Fifth Circuit Court of Appeal.[6]  On July 11, 2007, the state appellate court found that the post-conviction application was premature and granted the writ application for the limited purpose of vacating and setting aside the denial of the application for post-conviction relief and remanded the matter to allow Smith an opportunity to obtain an out-of-time appeal.[7]  On July 31, 2007, Smith filed an application for an out-of-time appeal which the

---

[2] St. Rec. Vol. 5 of 7, p. 293.

[3] Id.

[4] Id. at p. 321.

[5] Id. at pp. 348.

[6] Id. at p. 358.

[7] Smith v. State, No. 2007-KH-0446 (La. App. 5th Cir. 7/11/07); St. Rec. Vol. 5 of 7, p. 356.

district court granted on August 17, 2007.[8]

On March 31, 2008, Smith's appointed counsel filed an appeal brief claiming that Smith's guilty plea was not made knowingly and voluntarily.[9] On July 29, 2008, the Louisiana Fifth Circuit remanded the matter to the district court for an evidentiary hearing to determine the voluntariness of Smith's guilty plea.[10]

On July 24, 2009, the state district court held an evidentiary hearing.[11] Smith and his trial counsel, John Benz, offered testimony at the hearing. On that same date, the district court found Smith's guilty plea to be voluntary and denied his request to withdraw his guilty plea. The district court provided:

> All right. Based on the testimony of the witnesses, and the record in this case, I think Mr. Benz did an excellent job for Mr. Smith, being able to get him a reduced plea from a life sentence, from aggravated rape, to a forcible rape with twenty five years.
> Now, we don't know if he would have been convicted at trial, but the probabilities are that he would have been.
> So, I don't find - - I'm not going to let him withdraw his plea.[12]

Thereafter, Smith filed a second appeal which the Louisiana

---

[8] Id. at p. 421, 427.

[9] St. Rec. Vol. 5 of 7.

[10] State v. Smith, 993 So.2d 659, No. 2008-KA-0127 (La. App. 5th Cir. 7/29/08); St. Rec. Vol. 7 of 7, tab 3. The state appellate court further ordered the trial court to advise Smith of his prescriptive period for seeking post-conviction relief.

[11] St Rec. Vol. 6 of 7, pp. 8, 50-75.

[12] Id. at 74-75.

Fifth Circuit denied, finding that Smith's guilty plea was knowing and voluntary.[13]  On November 5, 2010, the Louisiana Supreme Court denied relief without opinion.[14]

Smith's conviction became final 90 days later, on February 3, 2011, when he did not file a writ application with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir.2003) (citing 28 U.S.C. §2244(d)(1)(A); Flanagan v. Johnson, 154 F.3d 196, 200-01 (5th Cir.1998)); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999) (citing 28 U.S.C. §2244(d)(1)(A)); U.S. Sup.Ct. R. 13(1).

On November 1, 2011, Smith filed a post-conviction application raising the following claims:  (1)His guilty plea was not knowing, intelligent or voluntary.  (2) He was denied counsel at critical stages of the proceedings.  (3) Pre-trial procedures resulted in his constructive absence of counsel.  (4) He received ineffective assistance of counsel based on counsel's "misinformation" regarding the "consequences of rejecting the plea offer".  (5) He was denied a preliminary examination.[15]  On January 5, 2012, the state district court found claims (1), (2), (3) and (5) to be procedurally barred based upon La. Code Crim. Proc. art. 930.4(B) and (C) because Smith

---

[13] State v. Smith, 38 So.3d 894, No. 2009-KA-0769 (La. App. 5th Cir. 3/9/10).

[14] State v. Smith, 50 So.3d 812, No. 2010-KO-0843 (La. 2010).

[15] St. Rec. Vol. 3 of 7, tab 1.

"inexcusably failed to raise them prior to conviction or on appeal."[16] The court also found claim (4) to be procedurally barred because it "was fully litigated in an appeal . . . ."[17] On March 23, 2012, the Louisiana Fifth Circuit found that "the trial court did not err in finding Relator's claims were barred from review."[18] On September 28, 2012, the Louisiana Supreme Court denied Smith's writ application without opinion.[19]

II. FEDERAL HABEAS PETITION

On November 7, 2012, Smith filed the instant petition for federal habeas corpus relief in which he raises the same claims raised on post-conviction, namely: (1) He was denied a preliminary examination. (2) He was denied effective assistance of counsel. (3) Pre-trial procedures resulted in a constructive absence of counsel. (4) He received ineffective assistance of counsel based on counsel's misinformation regarding the consequences of rejecting the State's plea deal. (5) His guilty plea was not knowing, intelligent and voluntary.

---

[16]Article 930.4(B) prohibits claims which a petitioner inexcusably failed to raise in proceedings leading to conviction. Article 930.4(C) prohibits claims which a petitioner inexcusably failed to pursue on appeal.

[17]St. Rec. Vol. 3 of 7, tab 2.

[18]State v. Smith, No. 2012-KH-0145 (La. App. 5th Cir. 3/23/12); St. Rec. Vol. 7 of 7, tab 5.

[19]State ex rel. Smith v. State, 98 So.3d 828, No. 2012-KH-0876 (La. 2012).

The State filed a response in opposition to Smith's petition, conceding that his petition was timely filed, but arguing that he has not exhausted any of his claims and that claims (1), (2), (3) and (5) are procedurally barred.

III. <u>GENERAL STANDARDS OF REVIEW</u>

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. §2254. The AEDPA went into effect on April 24, 1996[20] and applies to habeas petitions filed after that date. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir.1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)). The AEDPA therefore applies to Smith's petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. <u>Nobles v. Johnson</u>, 127 F.3d 409, 419–20 (5th Cir.1997) (citing 28 U.S.C. §2254(b), (c)).

The State argues and the Court finds that Smith's petition is timely filed. The State argues and the Court finds that claims

---

[20]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir.1992).

6

(1), (2), (3) and (5) are procedurally barred. As for the State's lack of exhaustion claim, because claim (4) is without merit, the Court will address said claim without requiring full exhaustion. 28 U.S.C. §2254(b)(2).

IV. <u>PROCEDURAL DEFAULT (CLAIM NOS. 1, 2, 3 and 5)</u>

In this federal petition, Smith's first, second, third and fifth claims address a lack of a preliminary examination, a denial of effective assistance of counsel, pre-trial proceedings resulting in the constructive absence of counsel and a guilty plea which was not knowing, intelligent or voluntary. As noted above, on January 5, 2012, the state district court found these claims procedurally barred from review pursuant to La. Code Crim. P. art. 930.4(B) and (C) because Smith "inexcusably failed to raise them prior to conviction or on appeal." This was the last reasoned decision on these claims by the state courts. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802 (1991).

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991); <u>Glover v. Cain</u>, 128 F.3d 900, 902 (5th Cir.1997); <u>Amos v. Scott</u>, 61 F.3d 333, 338 (5th Cir.1995) (citing <u>Harris v. Reed</u>, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both

substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. Harris, 489 U.S. at 263; Glover, 128 F.3d at 902. The last reasoned decision of the state district court relied on La.Code Crim. P. art. 930.4(B) and (C) to dismiss Smith's claims (1), (2), (3) and (5).

For the foregoing state law procedural bars to prevent review by this federal habeas court, the bar must be independent and adequate. A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. Amos, 61 F.3d at 338. To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. Glover, 128 F.3d at 902.

It is well-established that La. Code Crim. P. art. 930.4(B) and (C) are independent and adequate state court grounds sufficient to procedurally bar claims from federal habeas review. See, e.g., Brown v. Cain, Civ. Action No. 11-2267, 2011 WL 7042222, at *8 (E.D.La. Dec. 20, 2011), adopted, 2012 WL 123288 (E.D.La. Jan. 17,

2012); Thomas v. Cain, Civ. Action No. 11-2408, 2011 WL 6046536, at *5 (E.D.La. Nov. 17, 2011), adopted, 2011 WL 6028779 (E.D.La. Dec. 5, 2011); Young v. Travis, Civ. Action No. 07-3542, 2011 WL 494811, at *8 (E.D.La. Jan. 13, 2011), adopted, 2011 WL 494802 (E.D.La. Feb. 4, 2011); Jones v. Cain, Civ. Action No. 10-0187, 2010 WL 3312592, at *5-6 (E.D.La. July 29, 2010), adopted, 2010 WL 3312594 (E.D.La. Aug. 19, 2010); Green v. Cooper, Civ. Action No. 06-1657, 2009 WL 87590, at *10 (E.D.La. Jan. 8, 2009).

When, as here, the state courts have rejected a petitioner's claims, specifically, claims (1), (2), (3) and (5), based on independent and adequate state procedural rules, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).  In the instant case, Smith demonstrates neither.

"To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir.1999) (quotation marks omitted).  Here, Smith has made no attempt to establish cause for the failure to raise these claims in a procedurally proper manner.  "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir.1996).

Because Smith has not met the "cause and prejudice" test, this Court need consider the above enumerated claims only if the application of the procedural bar would result in a "fundamental miscarriage of justice." However, in order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley, 243 F.3d at 220 (citations omitted). Smith has failed to provide any evidence to show his innocence.

For these reasons, Smith's claims that he was denied a preliminary examination, he was denied effective assistance of counsel, pre-trial procedures resulted in a constructive absence of counsel and his guilty plea was not knowing, intelligent and voluntary, are procedurally barred in this federal proceeding.

V.   STANDARDS OF A MERITS REVIEW

Amended 28 U.S.C. §§2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings. Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. §2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct ... and we will give deference to the state court's decision unless it 'was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir.2000) (quoting 28 U.S.C. §2254(d)(2)), cert. denied, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. §2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. §2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'"  Penry v. Johnson, 215 F.3d 504, 507 (5th Cir.2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485.  The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

11

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Penry, 532 U.S. at 792-93; Hill, 210 F.3d at 485. "'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S. 685, 699 (2002). Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir.2002), cert. denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir.2006).

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON MISINFORMATION REGARDING CONSEQUENCES OF REJECTING PLEA DEAL (CLAIM 4)

Smith complains that counsel provided ineffective assistance with respect to his advice that Smith enter into the offered plea deal.[21] In support, Smith states that counsel failed to investigate

---

[21]On post-conviction, the state trial court found the instant claim procedurally barred under La. C. Crim. P. art 930.4 because it was "fully litigated" on direct appeal. The presumption in the procedural bar is that the claim is not new or different from something previously litigated and resolved on appeal. Bennett v. Whitley, 41 F.3d 1581, 1583 (5th Cir. 1994). However, such a

his criminal history.  Smith claims that counsel's investigation was limited to review of "the DA file" which "misled" counsel to believe Smith had "numerous convictions."[22]  Smith also complains that the evidence was insufficient to support a finding of either aggravated rape or forcible rape.  As such, counsel was ineffective in encouraging Smith to plead guilty to forcible rape rather than proceed to trial.

The standard for judging performance of counsel was established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), in which the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice.  Strickland, 466 U.S. at 697.  The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  Id. at 687–88.  Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694; United States v. Kimler, 167 F.3d 889, 893 (5th Cir.1999).

---

bar "is not a procedural bar in the traditional sense nor is it a decision on the merits."  Id.  For this reason, the bar does not preclude habeas review of claim (4).  This court simply "look[s]-through" the ruling on collateral review and considers only the direct appeal proceedings.  Id. at 1582-83.

[22]Rec. Doc. No. 1, p. 32.

13

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. Kimler, 167 F.3d at 893. A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' It is not enough under Strickland, however, 'that the errors had some conceivable effect on the outcome of the proceeding.'" Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir.1994) (quoting Strickland, 466 U.S. at 693).

It is undisputed that under the plea deal, Smith would plead guilty to the lesser offense of forcible rape and, in return, he would receive a 25 year sentence and the State would not file a multiple bill. Even if Smith had no priors convictions, a conviction for the offense of aggravated rape carries a life sentence. LSA-R.S. 14:42.

Smith names no witness that would have corroborated his claim that he did not rape the victim. As counsel informed, Smith's defense was one of credibility, Smith's word against the victim's word.[23] Smith admits that he had at least one prior conviction for armed robbery.[24] Assuming that Smith had no other prior

---

[23] St. Rec. Vol. 6 of 7, pp. 59 and 63.

[24] Rec. Doc. No. 1, p. 32. Smith admits that a knife was used to commit the armed robbery.

convictions, counsel's advice that Smith would not fare well in a credibility dispute[25] was a reasonable assessment leading to counsel's reasonable advice that Smith take the offered plea deal.

Smith asserts that counsel should not have encouraged him to take the plea agreement "because there is internal contradiction or irreconcilable conflict with the physical evidence and witnesses [sic] statements concerning [his] involvement, thus making him actual[ly] innocent of aggravated rape."[26]  Smith, however, offers no clue as to the "physical evidence" to which he is referring or the witness statements upon which he is relying.  In other words, Smith offers nothing to support his claim that counsel was ineffective in advising him to take the offered plea deal.

Smith alleges that there was insufficient evidence to support a finding that he was guilty of aggravated rape or forcible rape. As such, counsel should not have urged him to plead guilty.

Under LSA-R.S. 14:42, aggravated rape in pertinent part is defined as:

> [A] rape committed . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>     (2)When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
>     (3) When the victim is prevented from resisting the act because the offender is armed with a dangerous

---

[25]St. Rec. Vol. 6 of 7, pp. 60-61.

[26]Rec. Doc. No. 1, pp. 32-33.

weapon.

Under LSA-R.S. 14:42.1, forcible rape in pertinent part is defined as:

> [A] rape committed . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
>     (1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

In a statement provided to investigating officer, Keith Forsyth, the victim, Marvin Wilson, in pertinent part stated:

> MW:  [The perpetrator] made me . . . go to the bathroom, and he was behind me with the knife in my, in my back.
> KF:  Well how'd y'all walk to the bathroom?
> MW:  I was first, and he was second.
> KF:  And he was saying anything to you?
> MW:  He was tellin' me, don't run, or he'll stab me in the back.
> KF:  Where was the, could you see the knife?
> MW:  Na ah.
> KF:  You know where the knife was?
> MW:  It was in my back.
> KF:  How do you know?
> MW:  I felt it.  I couldn't see it 'cause my eyes was straight forward.
> KF:  You could feel it against your back?
> MW:  Yeah
> KF:  All right.  What-what happened?
> MW:  Huh?
> KF:  So what happened next? Y'all walking down the hallway?
> MW:  Yeah.  I went the um, the 'lil small bathroom at first.  And he told me, no.  Go to the second bathroom.  And when we went to the second bathroom um, when we went to the second bathroom, he told me to sit on the toilet.  And he went, he locked the door, and he stood over by the sink.  And um, he was pullin' off his clothes.  Then he put some girl drawers on . . . .
> KF:  All right.  So he took everything off?
> MW:  Yes.

16

```
KF:  So what, what'd he say when you first got in the
bathroom?
MW:  He told me sit on the toilet . . . .
KF:  Did he close the door, leave it open?
MW:  He closed the door.
KF:  Do you know if he locked it, or?
MW:  He locked it . . . .
KF:  And all he told you was sit on the toilet, and then
he started getting undressed?
MW:  Yeah.
KF:  He took everything off?
MW:  Yeah.
KF:  Okay.  And what happened then?  And he told you, let
me ask, when he took his clothes off, what'd he do with
the knife?
MW:  He put the knife on the sink.
KF: All right.  So the knife wasn't in his hand anymore?
MW:  No.  It was on the sink.
KF:  All right.  And you're sitting on the toilet?
MW:  Yeah.
KF:  All right.  And at that point when he put, took the
knife out [of] his hand, were you thinking of trying to
get away, or trying to get the knife, or trying to get
him?
MW:  I was thinkin' about it, but I-I know I couldn't do
it, 'cause the um, door was right by him.
KF:  All right.  Any other reasons why you-you didn't try
. . . .
MW:  He told me that he gonna kill my mama and my whole
family . . . .
KF:  All right.  So now he's taking off all his clothes,
and what happened then?
MW:  He put on girl drawers . . . .
KF:  And what, can you tell me what the underwear looked
like?
MW:  One of 'em like pink, and one of 'em like green.
KF:  All right.  Did he put both on, one on?
MW:  He put the pink ones on . . . .
KF:  So now he's completely-completely undressed, and put
a pair of pink underwear on . . . .  What'd he, what'd he
do?  And if he's saying anything during this that you
remember, let me know what he's saying.  Then what
happened next?
MW:  Then he told me get on my knees, and uh, he walked
over to me with the knife in his hand down.  He said get
on the, I mean, get on your knees, and suck it.
KF:  So he had the knife in his hand.  It was down,
though?
```

```
MW:  It was down.
KF:  All right.  And what happened?
MW:  He told me get on my knees and suck it . . . .
KF:  Did you tell him anything, or respond at any point,
or?
MW:  No, 'cause he had a knife.
KF:  Okay.  So what-what happened next.
MW:  I just did it.[27]
```

The police report reflects that Detective Forsyth knew Smith because Smith was a suspect in an earlier homicide investigation, a homicide which involved the use of a knife.  Because Smith fit Wilson's description of his assailant and Forsyth knew Smith "liked to wear women's underwear," Forsythe prepared a six-person photographic lineup which included a picture of Smith.  Upon viewing the photographic lineup, Wilson "quickly pointed out the photograph of Kenneth Smith, and advised that he was positive that [Smith] was the subject."[28]

The testimony provided solely by the victim as to what happened and his positive identification of Smith as the perpetrator, would have been sufficient to support a finding of either aggravated or forcible rape.  As the Louisiana Fifth Circuit Court of Appeal stated:

> [O]ne witness' [sic] testimony . . . is sufficient support for a requisite factual conclusion.  The victim's testimony alone can be sufficient to establish the elements of a sexual offense, even if the State does not introduce medical, scientific or physical

---

[27]St. Rec. Vol. 3 of 7, Transcription Report, pp. 12-17.

[28]St. Rec. Vol. 3 of 7, police report, pp. 3-4.

18

>     evidence to prove the commission of the offense.

State v. Lirette, 102 So.3d 801, 810 (La. App. 5th Cir. 6/28/12) (citations omitted).

Smith's claim that counsel was ineffective in advising him to take the offered plea deal is unsupported.  There is a very good chance that, had Smith proceeded to trial, a jury would have returned a verdict of guilty as charged and Smith would have faced a life sentence, rather than the 25-year sentence provided under the plea agreement.  Smith has failed to show he was prejudiced by virtue of counsel's advice that he take the offered plea deal.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Kenneth Smith for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en

banc).

    New Orleans, Louisiana, this <u>30th</u> day of <u>October</u>, 2013.

_____<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE